## No. 9293.

PLATT, ET AL., v. CARLTON, ET AL., TRUSTEES.

Decided November 5, 1917. Rehearing denied December 3, 1917.

Action to restrain trustees of school of mines from carrying out a contract relative to the employment of a president for the school. Complaint dismissed.

*Affirmed.*

1. PLEADINGS—*Dismissal.* Where it appears that the complaint fails to state any facts that would authorize the court to grant relief, the action is properly dismissed.

*Error to the District Court of the City and County of Denver, Hon. James L. Cooper, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiffs in error.

Mr. LESLIE E. HUBBARD, Attorney General; Mr. FRANCIS E. BOUCK, Deputy, for defendants in error.

*En banc.*

*Per curiam.*

PLAINTIFFS in error applied to the district court for an injunction against defendants in error as trustees of the School of Mines. A temporary restraining order was issued, and upon final hearing was dissolved, and the complaint dismissed because, in the opinion of the trial court, it failed to state any facts that would authorize the court to grant relief. The plaintiffs thereupon sued out this writ of error, and applied for a restraining order.

The plaintiffs were taxpayers, and the alleged purpose of the injunction was to prevent the defendants, as the trustees of the School of Mines, from carrying out an alleged contract entered into by three of such trustees, in their individual capacity and not at a board meeting, with one Alderson, to the effect that they would, upon certain terms stated, employ him as president of such School of Mines. This complaint, however, discloses that the real purpose of the suit was to prevent the defendants in error, as trustees of the School of Mines, from electing said Alderson president of such school. No one claims any rights under the alleged contract; in fact, plaintiffs allege and defendants concede that it is void. No member of the board of trustees is here complaining; and for aught that

this record discloses each trustee, when convened in regular session as a board of trustees in accordance with law, will discharge his duty as such.  We are of the opinion that the trial court was right in dismissing the suit.  The application for restraining order is therefore· denied, and the judgment affirmed.